Ruben HERRERA, Petitioner–
Appellant,

v.

Tim LEMASTER, Warden, New Mexico
State Penitentiary; Attorney General
for the State of New Mexico, Respon-
dents–Appellees,

No. 98–2060.

United States Court of Appeals,
Tenth Circuit.

Sept. 14, 2000.

Peter Schoenburg, of Rothstein, Donatelli, Hughes, Dahlstrom, Cron & Schoenburg, LLP, Albuquerque, New Mexico, for the Petitioner–Appellant.

Patricia Gandert, Assistant Attorney General (Patricia A. Madrid, Attorney General, Albuquerque, New Mexico, with her on the briefs), Santa Fe, New Mexico, for Respondents–Appellees.

Before SEYMOUR, Chief Judge, ANDERSON and HENRY, Circuit Judges.

SEYMOUR, Chief Judge.

Petitioner appeals the district court's denial of habeas relief, *see* 28 U.S.C. § 2254, from his New Mexico convictions for first degree murder and aggravated assault with a firearm. We granted petitioner's request for the issuance of a certificate of appealability, *see id.* § 2253(c), on his claim that the New Mexico Supreme Court erred in determining that the trial court's admission of evidence seized in violation of the Fourth Amendment was harmless error, *see State v. Herrera,* 102 N.M. 254, 694 P.2d 510, 514 (1985).[1] On appeal, petitioner contends the district court erred by affording a presumption of correctness to the state court's harmless error analysis and in denying federal habeas relief on this claim without first reviewing the state court record. We agree, and remand to the district court so it can review the state court record in the first instance under the proper standard.

On direct appeal from petitioner's conviction, the New Mexico Supreme Court held "[t]here were insufficient facts to show probable cause to search the premises described for evidence of [the] murder; therefore, the search was illegal under both state and federal guarantees against unreasonable searches and seizures." *Id.* Applying New Mexico law, the court then held the error harmless without utilizing the constitutional standard of harmless beyond a reasonable doubt set out in *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See Herrera,* 694 P.2d at 514–15.

---

1. We denied petitioner a certificate of appealability on his claims that the trial court violated the Confrontation Clause by limiting defense counsel's cross-examination of several state witnesses and that the district court's application of the Antiterrorism and Effective Death Penalty Act (AEDPA) resulted in an unconstitutional suspension of the writ of habeas corpus.

Because petitioner filed his habeas petition on April 22, 1998, we review the New Mexico Supreme Court's decision under the standards set out in AEDPA. *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000). Under section 2254(d) of AEDPA, petitioner may not be granted habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (Supp. III 1997). Petitioner contends the New Mexico Supreme Court's failure to apply the constitutional harmless error standard articulated in *Chapman* resulted in a decision that was contrary to, or involved an unreasonable application of, that Supreme Court decision.

■ We *sua sponte* asked the parties to file supplemental briefs addressing whether we are barred by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), from considering the harmless error aspect of petitioner's Fourth Amendment claim. The Court held in *Stone* that a state prisoner may not raise a Fourth Amendment claim on ·federal habeas review if he has been afforded a full and fair opportunity to litigate that claim in state court.[2] Because the New Mexico Supreme Court failed to apply the *Chapman* standard in assessing the harmlessness of the

Fourth Amendment violation it found, we are persuaded petitioner did not receive full and fair consideration of his claim. *See Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir.1978). Consequently, *Stone* is inapplicable. *See id.* We therefore turn to an analysis of petitioner's claim under section 2254(d)(1) of AEDPA.

■ In *Williams v. Taylor*, the Supreme Court clarified the application of federal habeas review after AEDPA. The Court held that a state court opinion is "contrary to" clearly èstablished Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in our cases." 120 S.Ct. at 1519. We agree with petitioner that the New Mexico Supreme Court's failure to apply *Chapman* resulted in an opinion contrary to clearly established Supreme Court precedent.

■ Adopting the magistrate judge's report and recommendation, the district court recognized this error but denied petitioner relief· after affording the state court's harmless error determination a "presumption of correctness," and holding that petitioner had "not rebutted this presumption by clear and convincing evidence." Rec., doc 8, at 5; *see id.* doc. 11. In doing so, the district court applied AEDPA's presumption of correctness afforded state courts' factual findings, *see* 28 U.S.C. § 2254(e)(1), to a mixed issue of law and fact, *see, e.g., Graham v. Wilson*, 828 F.2d 656, 659 (10th Cir.1987). It is apparent from the Supreme Court's decision in *Williams*, however, that AEDPA does not require us to apply a presumption of correctness to a question of law or to an ultimate mixed question of law and fact. *See* 120 S.Ct. at 1519–22 (applying § 2254(d)(1) to state court's ineffective assistance of counsel analysis under *Strickland v. Washington*, 466 U.S. 668, 104

**2.** Citing *Carlson v. Ferguson*, 9 F.Supp.2d 654, 657 (S.D.W.Va.1998), petitioner asserts that *Stone v. Powell* is no longer applicable after AEDPA, which redefined the analytical framework to be applied by federal courts on

habeas review of a state court decision. We are not persuaded, however, that by enacting AEDPA Congress intended to expand in any way a habeas petitioner's right to overturn a state court decision.

S.Ct. 2052, 80 L.Ed.2d 674 (1984), rather than § 2254(e)(1)). The district court erred in so doing.

When a state court fails to apply the proper constitutional standard of harmless error, the standard we apply on federal habeas review for assessing whether a constitutional error was harmless is whether the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)(quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).[3] *See Hoxsie v. Kerby,* 108 F.3d 1239, 1244 (10th Cir. 1997) (applying *Brecht* harmless error analysis in post-AEDPA case); *see also Davis v. Executive Dir. of Dep't of Corrections,* 100 F.3d 750, 772 (10th Cir.1996) (noting *Brecht* applies in pre-AEDPA § 2254 proceeding notwithstanding state court failure to apply *Chapman* ). In applying this standard, the magistrate judge and the district court accepted the New Mexico Supreme Court's analysis without independently reviewing the state court record. We review *de novo* the district court's harmless error analysis. *See Hoxsie,* 108 F.3d at 1244.

Under pre-AEDPA law, a federal habeas court was required to examine the entire state court record before making a harmless error determination. *See, e.g., Crespin v. New Mexico,* 144 F.3d 641, 649 (10th Cir.1998) (reviewing error in section 2254 proceeding "in light of the evidence presented at trial as a whole"); *Scrivner v. Tansy,* 68 F.3d 1234, 1240 (10th Cir.1995) (making harmless error determination "[i]n light of the entire record and looking at the totality of the evidence presented"). Although AEDPA has increased the deference federal habeas courts extend to state court's legal determinations, there is no indication that AEDPA has altered the requirement that a federal habeas court

review the state court record before making a harmless error determination. *See Hoxsie,* 108 F.3d at 1245 (affirming district court's harmless error determination in post-AEDPA case "[a]fter a thorough review of the record").

Because the district court erred in giving a presumption of correctness to the state court's harmless error analysis and in further assessing that analysis without a review of the state court record, we vacate the district court's denial of habeas relief on this claim and remand the case to the district court with instructions to consider this claim under the *Brecht* standard in light of the state court record.

The judgment of the district court is **VACATED,** and this case is **REMANDED** for proceedings consistent with this opinion.

---

**3.** We take no position on whether the *Brecht* standard or the AEDPA standard would apply if the state court here had applied the harmless error standard of *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Compare Bryson v. Ward,* 187 F.3d 1193, 1205 & n. 10 (10th Cir.1999), *with id.* at 1210–11 (Briscoe, J., concurring).